**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:23-cr-00144 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| AMERICAN PREMIUM WATER | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

A grand jury charged American Premium Water Corporation and several individuals, including the company's former chief executive officers, stock promoters, and various other individuals who controlled a substantial number of shares of the company's stock with conspiracy to commit securities fraud. Also, the indictment charges certain Defendants with substantive counts of securities fraud and wire fraud. At the relevant times, American Premium Water was publicly traded on the over-the-counter markets using the ticker symbol HIPH and sold bottled water infused with cannabidiol. Five Defendants—Alfred Culbreth, Ryan Fishoff, Zachary Davis, Mark Gumbel, and Lorena Moreno—filed separate motions for bills of particulars. For the following reasons, the Court **DENIES** Defendants' motions.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2023, a grand jury returned a thirteen-count indictment charging Defendants as follows:

| | |
|---|---|
| American Premium Water Corporation | Count 1: Conspiracy to Commit Securities Fraud |
| Alfred Culbreth | Count 1: Conspiracy to Commit Securities Fraud<br>Counts 2–9: Securities Fraud |
| Ryan Fishoff | Count 1: Conspiracy to Commit Securities Fraud<br>Counts 10–13: Wire Fraud |
| Christian Stolz | Count 1: Conspiracy to Commit Securities Fraud<br>Counts 10–13: Wire Fraud |
| Zachary Davis | Count 1: Conspiracy to Commit Securities Fraud<br>Counts 10–13: Wire Fraud |
| Mark Gumbel | Count 1: Conspiracy to Commit Securities Fraud<br>Counts 2–9: Securities Fraud |
| Lorena Moreno | Count 1: Conspiracy to Commit Securities Fraud<br>Counts 2–9: Securities Fraud |

Count 1 of the indictment alleges that, from October 2013 to October 2019, Defendants conspired to defraud investors in American Premium Water by issuing millions of shares to themselves at little or no cost, then artificially inflating the price of the shares to sell the stock and enrich themselves at the expense of other investors. (ECF No. 1, ¶¶ 1 & 47–51, PageID #1 & 21–22.) Counts 2 through 9 charge as securities fraud eight specific transactions on different dates in 2018, each involving a specified number of shares of the company's stock and yielding proceeds in various amounts. (*Id.*, ¶¶ 52–53, PageID #22–23.) Counts 10 through 13 charge as wire fraud four specific wire transfers to and from particular banks on certain dates in amounts ranging from $1,000 to $10,000. (*Id.*, ¶¶ 54–56, PageID #23–24.)

Five Defendants seek a bill of particulars.

Mr. Culbreth's motion seeks the precise overt acts that involve criminal conduct within the statute of limitations, which he contends expired in March 2018, "the manner and means by which this supposed securities fraud scheme was perpetrated," and "details surrounding the substantive securities fraud counts alleged against Mr. Culbreth." (ECF No. 86, PageID #435–36.)

Mr. Fishoff's motion for a bill of particulars requests a "detailed statement that specifically sets forth the specific acts, conduct, method, manner or means by which the United States maintains that Fishoff committed the offenses alleged," the "specific date, time and location of each illegal act alleged to have been committed by Fishoff," and the "names of all persons who allegedly took part in or were present at the time of each of the alleged illegal acts." (ECF No. 79, PageID #407.)

Mr. Davis's motion seeks "[d]etailed statements that set forth the specific acts, conduct, method, manner or means by which the government believes that Mr. Davis committed the crimes charged," a "complete list of all overt acts committed by Mr. Davis, with their alleged dates and times, and with an explanation for how they are an overt act," confirmation that Mr. Davis is not on or mentioned in any of the recorded calls provided in discovery and that the government will not seek to admit any conversations as a co-conspirator statement against Mr. Davis, and the "names of all persons who allegedly took part in or were present at the time of each of the alleged illegal acts" committed by Mr. Davis. (ECF No. 88, PageID #453.)

Mr. Gumbel requests: "[d]etailed statements that set forth the specific acts, conduct, method, manner or means by which the Government believes that Gumbel

3

committed the crimes charged," including all information as to Mr. Gumbel's affiliation with American Premium Water; a "complete list of all overt acts committed by Mr. Gumbel, with their alleged dates and times, and with an explanation for how they are an overt act, which will then bind the Government at trial;" the "names of the individuals Mr. Gumbel is charged with conspiring with, and to the extent that they have spoken with the Government, a summary of what they would say;" and confirmation that Mr. Gumbel is not on or mentioned in any of the recorded conversations provided in discovery and that the United States would not seek to admit any conversations as a co-conspirator statement against Mr. Gumbel. (ECF No. 83, PageID #422–23.)

Ms. Moreno's motion seeks "the earliest statement[s] and/or event[s] upon which the prosecution will rely to prove that the conspiracy existed and that Lorena Moreno participated therein[,] . . . when each defendant joined the conspiracy[,] . . . [and] when Lorena Moreno joined the conspiracy." (ECF No. 82, PageID #420.) Additionally, she requests the date of the earliest statement or event evidencing the conspiracy and Ms. Moreno's participation as well as "the nature of any and all statements and/or events, other than those already contained in the Indictment, upon which the prosecution intends to rely to prove that the conspiracy existed and Lorena Moreno participated therein." (*Id.*)

In summary, Defendants' motions for bills of particulars request the following:

4

| | |
|---|---|
| Alfred Culbreth (ECF No. 86) | 1. Overt acts that occurred after March 2018 and involve criminal conduct<br><br>2. Manner and means of the conspiracy<br><br>3. Why the deposits in Counts 2 through Count 4 and Count 8 through Count 9 constituted securities fraud |
| Ryan Fishoff (ECF No. 79) | 1. Detailed statement of specific acts, conduct, method, manner, or means of the alleged offense commission<br><br>2. Specific date, time, and location of each illegal act alleged to have been committed by Mr. Fishoff<br><br>3. Names of all persons who allegedly took part in or were present at each illegal act |
| Zachary Davis (ECF No. 88) | 1. Detailed statement of specific acts, conduct, methods, manner, or means of the alleged offense commission<br><br>2. Complete list of all overt acts allegedly committed by Mr. Davis with dates, times, and explanations for how they are an overt act<br><br>3. Confirmation that Mr. Davis is not on or mentioned in any recordings and that the government will not seek to admit any conversations as a co-conspirator statement against Mr. Davis<br><br>4. Names of all persons who took part in or were present at each illegal act allegedly committed by Mr. Davis |
| Mark Gumbel (ECF No. 83) | 1. Detailed statement of specific acts, conduct, method, manner, or means (including how Mr. Gumbel was affiliated with HIPH)<br><br>2. Complete list of all overt acts allegedly committed by Mr. Gumbel with dates, times, and explanations for how they are an overt act, binding on the government at trial<br><br>3. Names of alleged co-conspirators and summary of what they said to the government |

| | |
|---|---|
| | 4. Confirmation that Mr. Gumbel is not on or mentioned in any recordings and that the government will not seek to admit any conversations as a co-conspirator statement against Mr. Gumbel |
| Lorena Moreno (ECF No. 82) | 1. Date of earliest statement or event evidencing the conspiracy and Ms. Moreno's participation in it<br><br>2. All statements or events to be used as evidence of the conspiracy and Ms. Moreno's participation in it<br><br>3. Earliest statement or event establishing when each Defendant joined the conspiracy<br><br>4. Earliest statement or event evidencing when Ms. Moreno joined the conspiracy |

On April 24, 2025, the Court held oral argument on the motions.

## ANALYSIS

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(f) provides that "the court may direct the government to file a bill of particulars." A bill of particulars provides a defendant with "key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). Where the indictment "fails to inform the accused with sufficient particularity of the charges against which he will have to defend at trial," a bill of particulars provides an appropriate remedy. *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972) (quoting *Cefalu v. United States*, 234 F.2d 522, 524 (10th Cir. 1956)). A bill of

6

particulars serves three purposes: (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial;" (2) "to avoid or minimize the danger of surprise at the time of trial;" and (3) "to enable [the defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)).

"[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). A bill of particulars "is not meant as a tool for the defense to obtain a detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375 (citations omitted). "[A] defendant is not entitled to discover all the overt acts that might be proven at trial," *id.*, "[n]or is a defendant entitled to a list of names . . . of the government's witnesses," *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). "[A] bill of particulars is not intended as a means of learning the government's evidence and theories." *Musick*, 291 F. App'x at 724 (quotation omitted).

A motion for a bill of particulars is less compelling where a defendant has been provided with full access to discovery. *Page*, 575 F. App'x at 643 (citing *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005)). A defendant who does not argue that the discovery process was unmanageable or that they were unable to prepare a defense

7

may be less entitled to a bill of particulars. *Id.* (citing *United States v. Tillotson*, 490 F. App'x 775, 777–78 (6th Cir. 2012)). "The decision to order a bill of particulars is within the sound discretion of the trial court." *Salisbury*, 983 F.2d at 1375.

## I. Categories of Information Sought

Defendants' motions for bills of particulars request information that falls into four broad categories. The Court addresses each in turn.

### I.A. Identities of Witnesses and Co-Conspirators

Three Defendants request the identities of witnesses or co-conspirators. Mr. Fishoff requests the names of all persons alleged to have taken part in or been present at the time of each alleged illegal act (ECF No. 79, PageID #407), and Mr. Davis seeks the same regarding each illegal act he allegedly committed (ECF No. 88, PageID #453). Mr. Gumbel requests not only the names of all co-conspirators but also, "to the extent that they have spoken with the Government, a summary of what they would say" at trial. (ECF No. 83, PageID #423.)

Defendants are not entitled through a bill of particulars to the information they seek. The Sixth Circuit described as "overbroad" a motion for a bill of particulars seeking "the names of all the Government's witnesses." *United States v. Largent*, 545 F.2d 1039, 1043–44 (6th Cir. 1976.) A motion seeking the names of all persons present at any allegedly illegal act, whether or not they will testify, is even broader. And the United States "is not required to furnish the name of all other co-conspirators in a bill of particulars." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)). Defendants do not cite any binding or persuasive authority suggesting otherwise.

8

### I.B.   Overt Acts and Factual Basis for the Substantive Charges

In addition to the identities of witnesses and co-conspirators, Defendants seek information regarding the manner and means of the conspiracy, detailed statements of specific illegal acts as well as the specific date, time, and location of each illegal act, and the prosecution's justification for why each act was illegal.  Mr. Fishoff, Mr. Gumbel, and Mr. Culbreth each complain that the indictment is too indefinite to allow them to prepare their defenses.  Mr. Davis's motion does not set forth its own arguments, instead incorporating those of Mr. Gumbel and Mr. Fishoff.  (ECF No. 88, PageID #457.)  And Ms. Moreno does not attempt to develop any legal argument at all.  (ECF No. 82.)

Contrary to Defendants' representations, the speaking indictment sets forth the charges with particularity in more than fifty paragraphs over twenty-five pages and contains enough detail for Defendants to prepare their defense, to obviate the risk of unfair surprise at trial, and to avoid future double jeopardy problems. Specifically, it describes each Defendant's relationship to and role in the alleged conspiracy (ECF No. 1, ¶¶ 10–16, PageID #3–5), the alleged actions taken in furtherance of the conspiracy (*id.*, ¶¶ 17–28 & 32–46, PageID #5–7 & 10–20), and the entities and accounts allegedly used to facilitate Defendants' actions (*Id.*, ¶¶ 29–31, PageID #8–10).  Additionally, the full discovery that the United States has turned over, the reverse proffer process, and the disclosures that will be required by the Court's forthcoming pretrial order have provided or will provide even more information to Defendants.  Certain Defendants argue that the indictment fails to charge conduct that is unlawful in and of itself.  However, when it comes to a

9

conspiracy, the agreement itself is the crime. *See Frohwerk v. United States*, 249 U.S. 204, 209 (1919).

Defendants' characterizations of the indictment do not accurately describe it. For instance, Mr. Culbreth requests "basic information" regarding the substantive securities fraud charges because the indictment's chart of transactions associated with those charges, "standing alone," does not "furnish Mr. Culbreth with the fundamental facts illustrating how these deposits . . . amount to securities fraud." (ECF No. 86, PageID #442–43.) But the chart does not stand alone. Instead, the counts incorporate forty-six preceding paragraphs of factual allegations detailing the purpose, manner, and execution of an alleged securities fraud conspiracy encompassing those transactions. (ECF No. 1, ¶ 52, PageID #22.) The indictment already provides Mr. Culbreth with the basic information he seeks. He might disagree with the facts or the conclusions flowing from them, but a bill of particulars is not the vehicle for any such challenge.

Additionally, Mr. Culbreth points to Paragraph 42 of the indictment, where the prosecution charges that several other specific Defendants solicited undercover officers' participation in the alleged scheme. At oral argument, counsel for Mr. Culbreth argued that the initial allegations in the paragraph, which does not reference Mr. Culbreth, are inconsistent with its later subparagraphs (such as subparagraphs (b) and (c)), which do. (ECF No. 1, PageID #15.) Subparagraphs (b) and (c) charge that Mr. Culbreth and other individual Defendants "continued to convert, deposit, and sell HIPH shares while paying for and being paid to promote

10

the stock with the proceeds of the stock sales" (ECF No. 1, ¶ 42(b), PageID #15) and agreed that an undercover officer "was to purchase $200,000 worth of stock at a discounted rate" (*id.*, ¶ 42(c), PageID #15). But there is nothing inconsistent about charging that Mr. Culbreth engaged in these activities while not himself *soliciting* the participation of undercover officers.

As another example, Mr. Gumbel requests "information as to how [he] was an affiliate of HIPH." (ECF No. 83, PageID #423.) The indictment alleges that he operated a corporate entity that controlled a substantial number of HIPH shares, introduced stock promoters to Mr. Culbreth, at times the CEO and chairman of HIPH, and paid stock promoters to inflate the trading volume and HIPH's share price. (ECF No. 1, ¶¶ 11 & 15, PageID #4 & 5.) At oral argument, counsel maintained that these activities are not necessarily illegal in all circumstances. But an "overt act in furtherance of the conspiracy need not be itself a crime." *United States v. Bradley*, 917 F.3d 493, 505 (6th Cir. 2019) (quotation omitted). And to the extent Mr. Gumbel disagrees that these activities amount to affiliation, he is free to make that argument. But it does not support ordering a bill of particulars.

At oral argument, counsel for Ms. Moreno argued that there were no specific overt acts attributed to her either in the indictment or in discovery. But each member of a conspiracy need not have committed an overt act in furtherance of it. "All that must be proved for a conviction is that *one* of the conspirators knowingly committed at least one overt act charged in the indictment. There is no requirement that the defendant herself commit the overt act." *Id.* (cleaned up). Ms. Moreno maintains

11

that no factual basis supports the allegation that she joined the conspiracy in the first place. But the indictment charges that she controlled a substantial number of American Premium Water shares, paid stock promoters to inflate the trading volume and share price, took direction from certain alleged co-conspirators (Mr. Fishoff and Mr. Culbreth) regarding when to sell her stock, and sold shares and paid kickbacks to Mr. Culbreth and others while misrepresenting her affiliation with American Premium Water. (ECF No. 1, ¶ 16, PageID #5.) These allegations, if proved, provide a foundation from which a rational finder of fact could infer that Ms. Moreno joined the conspiracy. Again, to the extent she contests the charges in the indictment, a bill of particulars does not present the appropriate opportunity for litigating that disagreement.

A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375 (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)). Nor are Defendants "entitled to discover all the overt acts that might be proven at trial." *Id.* (citing *Kilrain*, 566 F.2d at 985). An indictment provides a "plain, concise, and definite" statement of the "essential facts" that puts Defendants on notice of the offense charged. F. R. Crim. P. 7(c)(1). The indictment in this case does so.

### I.C.  Statute-of-Limitations Defenses

Two Defendants seek information to support potential defenses based on the statute of limitations. In his motion, Mr. Culbreth requests "a bill of particulars describing the overt acts in which he participated that are within the statute of limitations," which he maintains expired in March 2018. (ECF No. 86, PageID #440.)

At oral argument, counsel for Mr. Gumbel indicated in rebuttal that he intends to make statute-of-limitations arguments in a pretrial motion.

"It has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses." *United States v. Sisson*, 399 U.S. 267, 288 (1970). The statute of limitations presents an affirmative defense. *United States v. Craft*, 105 F.3d 1123, 1127 (6th Cir. 1997). In the context of conspiracy, withdrawal "starts the clock running on the time within which the defendant may be prosecuted." *Smith v. United States*, 568 U.S. 106, 111 (2013). As with other affirmative defenses, the United States has no burden to prove the nonexistence of withdrawal in the indictment. "Commission of the crime *within the statute-of-limitations period* is not an element of the conspiracy offense. The Government need not allege the time of the offense in the indictment, and it is up to the defendant to raise the limitations defense." *Id.* at 112 (citations omitted).

In his motion and at oral argument, counsel for Mr. Culbreth cited *United States v. Grimm*, 738 F.3d 498, 502 (2d Cir. 2013), and *United States v. Doherty*, 867 F.2d 47 (1st Cir. 1989), to argue that making payments does not necessarily extend the statute of limitations and might merely be the result of a completed conspiracy rather than an overt act in furtherance of an ongoing conspiracy. Neither case addresses whether a bill of particulars lies for a defendant to obtain more particular information that sets up an affirmative defense. He also relies on *United States v. Tyson*, No. 1:18-cr-708, 2020 U.S. Dist. LEXIS 16151, at *3 (N.D. Ohio Jan. 27, 2020), which did order a bill of particulars. However, in that case, which involved charges

13

of bribery and honest services fraud in connection with a particular meeting, the discovery process broke down, resulting in an order for the prosecution to identify the date and location of the meeting at issue. Here, discovery has been provided, and reverse proffers made or offered to each Defendant. And the information Defendants seek goes far beyond what the *Tyson* Court ordered. Because the indictment need not describe all overt acts that might be proved at trial, and because it need not anticipate affirmative defenses, a bill of particulars is unnecessary in this case.

**I.D.   Contents of Recordings and Their Introduction at Trial**

Finally, Mr. Gumbel and Mr. Davis seek confirmation that they are not on or mentioned in any recordings and that the United States will not seek to admit any conversations as co-conspirator statements against them at trial. (ECF No. 83, PageID #423; ECF No. 88, PageID #453.) In its opposition to the motions, the United States confirmed that Mr. Gumbel and Mr. Davis are not on the recordings. (ECF No. 90, PageID #470.) At oral argument, counsel for Mr. Davis conceded that the issue of whether he is on or mentioned in the recordings is now moot. To the extent that Mr. Gumbel continues to maintain that argument, the Court determines that the issue is moot as to him as well.

As for confirmation that the United States will not seek to admit any recorded conversation as a co-conspirator statement against Mr. Gumbel or Mr. Davis, the Court reiterates that a bill of particulars is appropriate where the indictment fails to "set[] forth the elements of the *offense charged* and sufficiently apprise[] the defendant of the *charges* to enable him to prepare for trial." *United States v. Martin*, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. 1987) (per curiam) (unpublished)

14

(quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). "The bill of particulars is not intended as a means of learning the government's evidence and theories." *Musick*, 291 F. App'x at 724 (quoting omitted). As it stands, the indictment sets forth the elements of the offenses charged and sufficiently apprises Defendants of the charges so that they may prepare for trial, which the Court's forthcoming pretrial order will also address and facilitate. Requiring the United States to reveal its evidentiary strategy goes far beyond the purposes of a bill of particulars.

## II. Discovery

For its part, the United States argues for denial of Defendants' motions on the ground that it provided full discovery, including "recorded calls, voicemails, and meetings; shareholder information, trading data, and press releases related to American Premium Water Corporation; [and] information obtained through grand jury subpoenas to financial institutions, brokerages, and other businesses." (ECF No. 90, PageID #464.) "Extensive discovery" weakens a defendant's case for a bill of particulars. *United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983) (determining that a bill of particulars was properly denied because the defendant "had received, through extensive discovery, all of the information within the possession of the government except the identity and grand jury testimony of a single co-conspirator witness"); *see also Page*, 575 F. App'x at 643 (citing *Urban*, 404 F.3d at 772) (determining that full access to discovery weakens a motion for a bill of particulars). "If there has been full disclosure by the Government . . . the need for a bill of particulars is obviated." *Martin*, 1987 WL 38036, at \*3 (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).

15

To the extent that the indictment fails to provide Defendants with the information that is properly the subject of their motions, the discovery provided to them does. It allows them to prepare the defense of their cases and obviates the need for a bill of particulars in this case. That is not to say that discovery answers all the questions Defendants have about the witnesses who will testify, what they will say, or what the prosecution's case at trial will be. In that regard, criminal discovery, for better and for worse, is not as robust as civil discovery. But the discovery in this case provides more information than would a bill of particulars. Additionally, the reverse proffer process, which the United States has made available to all Defendants in this case, further protects against unfair surprise. And, as mentioned, the Court will issue a schedule for pretrial disclosures to facilitate its pretrial preparations and those of the parties.

## CONCLUSION

For all these reasons, the Court **DENIES** Defendants' motions for bills of particulars. (ECF No. 79; ECF No. 82; ECF No. 83; ECF No. 86; ECF No. 88.)

**SO ORDERED.**

Dated: April 29, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

16